UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NOEL DIAZ,<br>　　*Plaintiff*,<br><br>　　　v.<br><br>WARDEN BOWLES, DEPUTY WARDEN BAYMON, REGIONAL WARDEN JOHN DOE, COMMISSIONER JOHN DOE, DEPUTY COMMISSIONER ANGEL QUEROSS,<br>　　　*Defendants.* | No. 3:20-cv-00997 (VAB) |

**INITIAL REVIEW ORDER**

Noel Diaz ("Plaintiff"), a sentenced inmate[1] proceeding *pro se* and currently in the custody of the Department of Correction ("DOC") at Northern Correctional Institution, filed this civil rights Complaint under 42 U.S.C. § 1983 in connection with his confinement at Northern. Compl., ECF No. 1 (July 17, 2020). On December 9, 2020, Magistrate Judge William I. Garfinkel granted his motion to proceed *in forma pauperis.* Order, ECF No. 21 (Dec. 9, 2020).

On December 14, 2020, Mr. Diaz filed an Amended Complaint alleging Eighth Amendment claims against Northern Warden Bowles, Northern Deputy Warden Baymon, Regional Warden John Doe, Commissioner John Doe,[2] and Deputy Commissioner Angel Quiros.

---

[1] The Court takes judicial notice of the public record on the Department of Correction ("DOC") website showing the correct spelling of the name of Angel Quiros, and that Mr. Diaz was sentenced to criminal possession of a pistol on October 11, 2018. *Offender Information Search*, Conn. State. Dep't of Corr., http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=426056; *see Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (taking "judicial notice of relevant matters of public record"); Fed.R.Evid. 201(b) (permitting judicial notice of facts "not subject to reasonable dispute").

[2] The Court takes judicial notice that the DOC Commissioner at the time relevant to Mr. Diaz's complaint was Roland Cook. *See History of Commissioners*, Conn. State Dep't of Corr., https://portal.ct.gov/DOC/History/History-Commissioners; s*ee also* Press Release, Off. of Governor Ned Lamont, Governor Lamont Appoints Angel Quiros To Serve as Commissioner of the Department of Correction (Sept. 2, 2020), https://portal.ct.gov/Office-of-the-Governor/News/Press-Releases/2020/09-2020/Governor-Lamont-

1

Am. Compl., ECF No. 22 (Dec. 14, 2020). As Mr. Diaz has not specified the relief sought, the Court construes his Amended Complaint as seeking damages against the Defendants in their individual capacities.

After review of the Amended Complaint, the Court will permit Mr. Diaz's Eighth Amendment claims to proceed beyond initial review.

## I.   FACTUAL BACKGROUND[3]

Mr. Diaz's Amended Complaint alleges the following.

Between October 18, 2019 through March 2, 2020, the Defendants, Northern Warden Bowles, Northern Deputy Warden Baymon, Regional Warden John Doe, Commissioner Cook, and Deputy Commissioner Quiros, allegedly directed DOC staff to implement a policy that forced Mr. Diaz to shower with leg iron shackles while "naked and visible to all." Am. Compl. at ¶¶ 1–2. Mr. Diaz allegedly made multiple complaints and requests to have the shackles removed while he was showering, but he was not provided with any relief. *Id*. at ¶ 3. Mr. Diaz also allegedly requested that he be permitted to walk to the shower dressed in accordance with the administrative directive. *Id*. However, his request was allegedly responded to with laughter. *Id*.

Mr. Diaz alleges that when the Defendants responded to his administrative remedy filings, they indicated that these practices are no longer followed. *Id*. at ¶ 4.

## II.   STANDARD OF REVIEW

Under 28 U.S.C. § 1915A(b), district courts must review prisoners' civil complaints against governmental actors and *sua sponte* "dismiss . . . any portion of [a] complaint [that] is

---

Appoints-Angel-Quiros-To-Serve-as-Commissioner-of-the-Department-of-Correction. Accordingly, the court substitutes Commissioner Cook for Commissioner John Doe.

[3] All factual allegations are drawn from the Amended Complaint. Am. Compl., ECF No. 22 (Dec. 14, 2020). The Court has also reviewed the attachments to the Amended Complaint for clarification of certain facts and dates.

frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (explaining that, under the Prisoner Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is mandatory); *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) ("Section 1915A requires that a district court screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint *sua sponte* if, *inter alia,* the complaint is 'frivolous, malicious, or fails to state a claim upon which relief may be granted.'" (quoting 28 U.S.C. § 1915A)).

Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff plead only "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), to provide the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Federal Rules of Civil Procedure do not require "detailed factual allegations," a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555–57. Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy

judge that actual proof of [the claim] is improbable, and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

Complaints filed by *pro se* plaintiffs, however, "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006)) (internal quotation marks omitted); *see also Tracy v. Freshwater*, 623 F. 3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford *pro se* litigants).

## III.    DISCUSSION

The Court construes Mr. Diaz's complaint as claiming Eighth Amendment violations based on his conditions of confinement.

"It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)). The Second Circuit has defined "personal involvement" to mean direct participation, such as "personal participation by one who has knowledge of the facts that rendered the conduct illegal," or indirect participation, such as "ordering or helping others to do the unlawful acts." *Provost v. City of Newburgh*, 262 F.3d 146, 155 (2d Cir. 2001) (internal citation omitted). With respect to his claims against supervisory officials, Mr. Diaz cannot sue Defendants for damages solely because of their supervisory position. *See Raspardo v. Carlone*, 770 F.3d 97, 116 (2d Cir. 2014) (noting that the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) "confirmed that liability for supervisory government officials cannot be premised on a theory of *respondeat superior*"); *Johnson v. Glick*, 481 F.2d 1028, 1034 (2d

Cir. 1973) (doctrine of *respondeat superior* does not suffice for claim of monetary damages under § 1983).

The Second Circuit has clarified recently that "there is no special rule for supervisory liability. Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676). Thus, in the context of an Eighth Amendment claim against a supervisory official, a plaintiff must establish that the supervisory official himself acted with deliberate indifference—"meaning that [the official] personally knew of and disregarded an excessive risk to [the plaintiff's] health or safety." *Id*. at 619 (internal citation and quotation marks omitted). Once a plaintiff properly alleges that a defendant was personally involved in a constitutional deprivation, he or she "must also establish that the supervisor's actions were the proximate cause of the plaintiff's constitutional deprivation." *Raspardo*, 770 F.3d at 116.

    A.    **The Eighth Amendment Claim**

Because Mr. Diaz is a sentenced prisoner, his conditions of confinement claims are analyzed under the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979) ("Due process requires that a pretrial detainee not be punished. A sentenced inmate, on the other hand, may be punished, although that punishment may not be 'cruel and unusual' under the Eighth Amendment."); *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (noting that conditions of confinement claims for convicted prisoners are assessed under the Eight Amendment).

In *Farmer v. Brennan*, the United States Supreme Court explained that the Eighth Amendment's prohibition of cruel and unusual punishment "places restraints" and imposes duties on prison officials to "provide humane conditions of confinement." 511 U.S. 825, 832

(1994) (internal citations and quotation marks omitted). Thus, the Eighth Amendment protects against punishments that "involve the unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976) (internal citation omitted). Although the Constitution does not require "comfortable" prison conditions, the Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter and medical care," and to "take reasonable measures to guarantee the safety of the inmates." *Farmer*, 511 U.S. at 832–33 (internal citation and quotation marks omitted).

To state a deliberate indifference to health or safety claim under the Eighth Amendment, an inmate must demonstrate both an objective and a subjective element. To meet the objective element, an inmate must allege that he was incarcerated under conditions that resulted in a "sufficiently serious" deprivation, such as the denial of a "life[ ] necessit[y]" or a "substantial risk of serious harm." *Id*. at 834 (internal quotation marks and citations omitted).

To meet the subjective element, an inmate must allege that the defendant prison officials possessed culpable intent, that is, the officials knew that he faced a substantial risk to his health or safety and disregarded that risk by failing to take corrective action. *See id*. at 834, 837. Thus, an allegation of "mere negligen[t]" conduct is insufficient. *Id*. at 835. Rather, the subjective element requires that a plaintiff allege that prison officials acted with "a mental state equivalent to subjective recklessness, as the term is used in criminal law." *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006) (citing *Farmer*, 511 U.S. at 839–40).

Placing restraints on an inmate does not violate the Eighth Amendment unless the placement is "totally without penological justification, grossly disproportionate, or involve[s] the unnecessary or wanton infliction of pain." *Delgado v. Bezio*, No. 09 Civ. 6899 (LTS), 2011 WL 1842294, at *7 (S.D.N.Y. May 9, 2011) (internal citation and quotation marks omitted). If

construed liberally, Diaz's allegations indicate that he was forced to walk naked in the restraints and shower in the restraints without legitimate penological reason. District courts have previously concluded that such allegations are sufficient to raise a plausible Eighth Amendment violation. *See Baltas v. Erfe*, No. 3:19CV1820 (MPS), 2020 WL 1915017, at *29 (D. Conn. Apr. 20, 2020) (permitting claim to proceed beyond initial review where correctional staff allegedly escorted the plaintiff to shower in his boxer shorts and failed to remove restraints while he showered); *Stewart v. Howard*, No. 09-CV-69, 2010 WL 3907137, at *3 (N.D.N.Y. Sept. 30, 2010) (allegations that inmate was, *inter alia*, allowed to shower only while in restraints supported an Eighth Amendment claim). Mr. Diaz also has alleged that he complained to the Defendants about this practice through his administrative filings.

Accordingly, the Court considers Mr. Diaz to have sufficiently alleged the personal involvement of the Defendants for initial pleading purposes, *see Dupigny v. Hannah*, No. 3:20-CV-00836 (JAM), 2021 WL 151043, at *5 (D. Conn. Jan. 18, 2021) (permitting constitutional claims to proceed against the warden who reviewed grievance), and will permit this claim to proceed beyond initial review, leaving Mr. Diaz to his proof as to the personal involvement of each Defendant.

### B.   The Alleged Violation of the Administrative Directives Claim

Mr. Diaz asserts, under 42 U.S.C. § 1983, claims stemming from alleged violation of a DOC Administrative Directive that requires inmates be walked while dressed to the shower. The Defendants' alleged failure to comply with prison regulations or administrative directives, however, does not constitute a basis for relief under § 1983 because "a prison official's violation of a prison regulation or policy does not establish that the official has violated the Constitution or

is liable to a prisoner under 42 U.S.C. § 1983." *Fine v. UConn Med.*, No. 3:18-CV-530 (JAM), 2019 WL 236726, at *9 (D. Conn. Jan. 16, 2019) (internal citation omitted).

Accordingly, these claims will be dismissed.

## ORDERS

(1) The case shall proceed on Mr. Diaz's Eighth Amendment claims against Northern Warden Bowles, Northern Deputy Warden Baymon, Regional Warden John Doe, DOC Commissioner Roland Cook, and DOC Deputy Commissioner Angel Quiros.

The Clerk of Court is instructed to correct the spelling of the name of defendant Angel Quiros, and to substitute defendant Commissioner Cook for Commissioner John Doe.

(2) The Clerk of Court shall verify the current work addresses of Warden Bowles, Deputy Warden Baymon and Angel Quiros with the DOC Office of Legal Affairs, mail a waiver of service of process request packet containing the Amended Complaint (ECF No. 22) to them at their confirmed addresses by **June 24, 2022**, and report on the status of the waiver request by **July 8, 2022**. If a defendant fails to return the waiver request, the Clerk of Court shall arrange for in-person individual capacity service by the U.S. Marshals Service on that defendant, and that defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) The Clerk of Court cannot effect service on a Doe defendant without that defendant's full name and current work address. Plaintiff is directed to obtain this information during discovery and to file a notice containing the information with the court. **Once a defendant Doe has been identified, the Court will order that he or she be served with a copy of the amended complaint. Failure to identify a Doe defendant will result in the dismissal of all claims against that defendant.**

(4) The Clerk of Court shall send a courtesy copy of the Amended Complaint and this Order to the DOC Office of Legal Affairs and the Office of the Attorney General.

(5) The Defendants shall file a response to the Amended Complaint, either an Answer or motion to dismiss, by **September 2, 2022**. If the Defendants choose to file an Answer, Defendants shall admit or deny the allegations and respond to the cognizable claims recited above. The Defendants may also include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, according to Federal Rules of Civil Procedure 26-37, shall be completed by **January 13, 2023**. Discovery requests need not be filed with the Court.

(7) The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures," which will be sent to both parties by the Court. The Order can also be found at http://ctd.uscourts.gov/administrative-standing-orders.

(8) All motions for summary judgment shall be filed by **February 3, 2023**.

(9) According to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21) days** of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(10) If Mr. Diaz changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)(2) provides that he MUST notify the Court. Failure to do so can result in the dismissal of the case. Mr. Diaz must give notice of a new address even if he is incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Mr. Diaz has more than one pending case, he should indicate all of the case numbers in the notification of change of address. He should also notify the Defendants or defense counsel of his new address.

(11) Mr. Diaz shall utilize the Prisoner E-filing Program when filing documents with the court. Mr. Diaz is advised that the Program may be used only to file documents with the court. Local court rules provide that discovery requests are not filed with the court. D. Conn. L. Civ. R. 5(f). Therefore, discovery requests must be served on the Defendants' counsel by regular mail.

**SO ORDERED** at Bridgeport, Connecticut, this 6th day of June, 2022.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE