**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

NOEL DIAZ,
　　　　*Plaintiff*,

　　v.

WARDEN BOWLES, DEPUTY WARDEN
BAYMON, REGIONAL WARDEN JOHN
DOE, COMMISSIONER JOHN DOE,
DEPUTY COMMISSIONER ANGEL
QUIROS,
　　　　*Defendants.*

No. 3:20-cv-997 (VAB)

**RULING AND ORDER ON MOTION TO DISMISS**

　　Noel Diaz ("Mr. Diaz" or "Plaintiff"), a sentenced inmate proceeding *pro se* who was

formerly in the custody of the Department of Correction ("DOC" or "Defendants"), filed this

civil rights Complaint under 42 U.S.C. § 1983 in connection with his confinement at Northern

Correctional Institution. Compl., ECF No. 1 (July 17, 2020).

　　On December 14, 2020, Mr. Diaz filed an Amended Complaint alleging Eighth

Amendment claims against Northern Warden Bowles, Northern Deputy Warden Baymon,

Regional Warden John Doe, Commissioner John Doe, and Deputy Commissioner Angel Quiros.

Compl., ECF No. 22 (12/14/2020). After initial review of the Amended Complaint, the Court

permitted Mr. Diaz's Eighth Amendment claims for damages to proceed against Northern

Warden Bowles, Northern Warden Baymon, Regional Warden John Doe,[1] then-Commissioner

---

[1] This John Doe Defendant has not yet been identified and served with the Amended Complaint.

1

Cook, and then-Deputy Commissioner Quiros in their individual capacities. Initial Review Order ("IRO"), ECF No. 28 (June 6, 2022).[2]

On December 22, 2022, Defendants Bowles, Baymon, Quiros and Cook filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Mot. to Dis., ECF No. 37 (Dec. 22, 2022). Under Local Rule 7(a), Mr. Diaz's response to the motion to dismiss was due on January 12, 2023. To date, Mr. Diaz has not filed any response to the motion to dismiss. Nor has he filed a motion for extension of time to do so.[3]

## I.    FACTUAL BACKGROUND[4]

Mr. Diaz's Amended Complaint alleges the following.

Between October 18, 2019 through March 2, 2020, the named defendants—Northern Warden Bowles, Deputy Warden Baymon, Regional Warden John Doe, Commissioner Cook, and Deputy Commissioner Quiros—allegedly directed DOC staff to implement a policy that forced Mr. Diaz to shower with leg iron shackles while "naked and visible to all." Am. Compl. at ¶¶ 1-2. Mr. Diaz alleges that this policy was administered to cause physical and psychological damage to him. *Id.* at ¶ 2. Mr. Diaz allegedly made multiple complaints and requests to have the shackles removed while he was showering, but he was not provided with any relief. *Id.* at ¶ 3. Mr. Diaz also allegedly requested that he be permitted to walk to the shower dressed in

---

[2] The Court's initial review took judicial notice that the DOC Commissioner at the time relevant to Mr. Diaz's complaint was Commissioner Cook. *See* https://portal.ct.gov/DOC/History/History-Commissioners; s*ee also* Press Release, Office of Governor Ned Lamont - Governor Ned Lamont Appoints Angel Quiros To Serve as Commissioner of the Department of Correction (Sept. 2, 2020) https://portal.ct.gov/Office-of-the-Governor/News/Press-Releases/2020/09-2020/Governor-Lamont-Appoints-Angel-Quiros-To-Serve-as-Commissioner-of-the-Department-of-Correction. Accordingly, the court substituted Commissioner Cook for Commissioner John Doe. *See* Initial Review Order at 1 n.2., ECF No.  28.

[3] Defendants submitted with their Motion to Dismiss a Local Rule 12(a) Notice to *Pro Se* Litigant that informed Mr. Diaz that his failure to file a response could result in the Court granting the motion to dismiss. Notice, ECF No. 37-1.

[4] All factual allegations are drawn from the Amended Complaint. Am. Compl., ECF No 22 (Dec. 14, 2020). The Court has also reviewed the exhibits attached to the amended complaint for clarification of certain facts and dates.

accordance with the Administrative Directive. *Id.* However, his request was responded to with laughter. *Id.*

Mr. Diaz alleges that when the Defendants responded to his administrative remedy filings, they indicated that these practices are no longer followed. *Id.* at ¶ 4.

## II.    STANDARD OF REVIEW

To survive a motion to dismiss under 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Any claim that fails "to state a claim upon which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "two working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations ... a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (internal citations omitted)). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Thus, the complaint must contain "factual amplification ... to render a claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the court takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. The court also views the allegations in the light most favorable to the plaintiff and draws all inferences in the

plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York v. Ass'n of the Bar of N.Y.*, 286 F.3d 122, 125 (2d Cir. 2002) ("On a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true.").

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Although the Federal Rules of Civil Procedure do not require "detailed factual allegations," a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555–57. Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy

judge that actual proof of [the claim] is improbable, and ... recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

## III.   DISCUSSION

Defendants argue that Mr. Diaz has failed to state a claim because he has not alleged the personal involvement of any defendant in the asserted Eighth Amendment violation.

Mr. Diaz cannot sue these defendants for damages solely because of their supervisory positions. *See Johnson v. Glick*, 481 F.2d 1028, 1034 (2d Cir. 1973) (doctrine of *respondeat superior* does not suffice for claim of monetary damages under § 1983); *Raspardo v. Carlone*, 770 F.3d 97, 116 (2d Cir. 2014). "It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)).

Further, the Second Circuit has clarified that "there is no special rule for supervisory liability. Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676). "The focus is on what the *supervisor* did or caused to be done, 'the resulting injury attributable to his conduct, and the *mens rea* required of him to be held liable, which can be no less than the *mens rea* required of anyone else.'" *Id.* Thus, in the context of an Eighth Amendment claim against a supervisory official, a plaintiff must establish that the supervisory official "acted with deliberate indifference—meaning that [the official] personally knew of and disregarded an excessive risk to [the plaintiff's] health or safety." *Id.* at 19 (internal quotation marks and citation omitted).

5

A conclusory allegation that a defendant or defendants created a policy or custom under which unconstitutional practices occurred is insufficient to state an Eighth Amendment claim. *See Jusino v. Quiros*, 2021 WL 5111908, at *8 (D. Conn. Nov. 3, 2021). But a plaintiff may be able to establish an Eighth Amendment claim where a prison official allegedly "promulgated an unconstitutional policy with a culpable mental state—in this case, deliberate indifference." *Brunache v. Annucci*, 2023 WL 146850, at *12 (W.D.N.Y. Jan. 9, 2023) (quoting *Stone #1 v. Annucci*, 2021 WL 4463033, at *8–9 (S.D.N.Y. Sept. 28, 2021)).

Thus, "a plaintiff may establish a policy-making official's personal involvement by, first, alleging facts from which it may be reasonably inferred the official was responsible for making relevant policies, and thus there is a tangible connection between their policymaking conduct and the alleged harm." *Myers on behalf of Est. of Myers v. Davenport*, 2022 WL 3017367, at *5 (N.D.N.Y. July 29, 2022). Second, for an Eighth Amendment claim, a plaintiff  must allege facts to reflect that "the defendant was aware of a risk of substantial harm to the plaintiff and—through [his or her] own actions in making a policy or failing to enact a policy—exhibited deliberate indifference and disregard for that risk." *Id.* A plaintiff cannot rely on conclusory allegations about what a defendant "should know" to establish a defendant's personal involvement. *Monroe v. Cty. of Rockland*, 2021 WL 4084149, at *1 (S.D.N.Y. Sept. 8, 2021).

Here, Mr. Diaz alleges that the named Defendants "directed their subordinates to implement an egregious policy" and that the "policy was secretively being administered, to cause physical and [psychological] damage to Plaintiff, by way of forcing [him] to shower with leg iron shackles[.]" Am. Compl. at ¶¶ 1-2. Notably, Mr. Diaz's Amended Complaint lacks any specific factual allegations about how each Defendant acted "to implement" the offending policy. Nor does it allege any non-conclusory facts reflecting that any defendant acted to

implement the policy with deliberate indifference to the substantial risk of serious harm to Mr. Diaz. *See Tangreti*, 983 F.3d at 619. While the Court must construe the alleged facts in the light most favorable to Mr. Diaz, the Court is not free to speculate about unpleaded facts that might be favorable to him. *See Darby v. Greenman*, 14 F.4th 124, 130 n. 6 (2d Cir. 2021)("While we construe pleaded facts in the light most favorable to the plaintiff, we can draw inferences based only on the facts actually alleged, and we are not free to speculate about unpleaded facts that might be favorable to the plaintiff.").

The Court recognizes that Mr. Diaz alleges Defendants responded to his grievances by stating that these practices were no longer followed. Am. Compl. at ¶ 4. But a supervisor's mere knowledge of a constitutional violation "does not amount to the supervisor's violating the Constitution." *Kelley v. Quiros*, 2023 WL 1818545, at *3 (D. Conn. Feb. 8, 2023) (citing *Tangreti*, 983 F.3d at 616-17) (other citations and internal quotation marks and alterations omitted). The alleged facts do not suggest that any defendant wrote their grievance response while aware that Mr. Diaz remained at substantial risk of serious harm from the asserted unconstitutional conduct. *Gawlik v. Quiros*, 2022 WL 2065042, at *8 (D. Conn. June 8, 2022) ("a supervisory official who reviews a grievance is personally involved in an ongoing constitutional violation if he is confronted with a situation that he can remedy directly.") (citations and internal quotations marks omitted).

Because he alleges Defendants' involvement in the Eighth Amendment violation in wholly conclusory terms, Mr. Diaz has not sufficiently alleged plausible Eighth Amendment claims for damages against each Defendant in his individual capacity. *See Rosa v. Cook*, 2022 WL 17415061, at *15 (D. Conn. Dec. 5, 2022) (dismissing section 1983 claims based on

conclusory allegations that failed to establish that defendants through their "own individual actions," have "violated the Constitution.") (citing *Iqbal*, 556 U.S. at 676).

Accordingly, the Court will grant the Defendants' motion to dismiss.

## IV.    CONCLUSION

For the foregoing reasons, and absent objection, DOC's motion to dismiss is **GRANTED**.

By **May 5, 2023**, Mr. Diaz may file a Second Amended Complaint to correct the deficiencies explained in this ruling. Mr. Diaz must also identify Regional Warden John Doe in his Second Amended Complaint. If Mr. Diaz does not identify Regional Warden John Doe in his Second Amended Complaint, the Court will dismiss this defendant from this action.

If Mr. Diaz fails to file his amended complaint by **May 5, 2023**, the Court will dismiss this action and close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 24th day of March, 2023.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE